IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KAREN SHIELDS,<br><br>                      Plaintiff,<br>v.<br><br>INTERNAL REVENUE SERVICE.,<br><br>                      Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:16-cv-554<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |

      This matter is referred to the undersigned based upon 28 U.S.C. 636 (b)(1)(B) from Judge Clark Waddoups.[1] The case was removed to this court from the Third District Court for Salt Lake County.[2] In her Complaint Plaintiff, Karen Shields,[3] alleges the Internal Revenue Service (IRS)[4] is "administrating my property without any rights, without my consent."[5] Plaintiff wants her property "returned immediately" and "five thousand dollars remedy for damages for wasting my time for filing a lawsuit."[6] On August 12, 2016, Defendant moved to dismiss this case in accordance with Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The undersigned recommends that the motion be granted.

---

[1] Docket no. 15.

[2] Docket no. 2.

[3] Plaintiff is acting *pro se*. As such, the court holds her pleadings to a less stringent standard than formal pleadings drafted by attorneys. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (1972). But even under this lenient standard, a *pro se* party must still meet certain basic standards such as articulating claims that are more than merely conceivable. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[4] Plaintiff has named the IRS as the defendant, but the United States is the proper defendant. *See Arnett v. U.S.*, 845 F.Supp 796, 797 (D.Kansas 1994) (correcting the error where a party sought to sue the IRS rather than the United States); *see also Blackmar v. Guerre*, 342 U.S. 512, 514 (1952) ("Congress has not constituted the Commission a body corporate or authorized it to be sued eo nomine.").

[5] Complaint p. 11, docket no. 2-1.

[6] *Id.*

Defendant seeks to dismiss arguing the court lacks subject matter jurisdiction.[7] Defendant asserts there is no express waiver of sovereign immunity and Plaintiff has failed to cite to any statute or authority as a basis for the United States waving its sovereign immunity. In construing Plaintiff's Complaint broadly, Defendant further argues the Federal Tort Claims Act, which does provide a limited waiver of sovereign immunity, is inapplicable here.[8] And, in similar fashion, a taxpayer is allowed to file suit in order to seek a tax refund based upon the United States agreement to waive sovereign immunity.[9] But, the taxpayer must first file an appropriate claim for a refund.[10] Here, there is no evidence that Plaintiff filed a claim for a refund so jurisdiction is not proper.

Next, Defendant argues any wrongful levy claim[11] brought by Plaintiff is improper because there is nothing in the Complaint alleging Plaintiff is not the proper taxpayer or that the levy is wrongful.[12] Finally, Defendant argues this case is "expressly barred by the Anti-Injunction Act and the Declaratory Judgment Act."[13]

Plaintiff never filed any opposition to Defendant's motion so on October 19, 2016, the undersigned entered an order to show cause directing Plaintiff to file a response.[14] In response Plaintiff stated as follows:

> i am not a plaintiff. i am not pro se. i am woman. i filed a claim of consuance which establishes jurisdiction. i demand my property back to my control. i filed my claim in District Court of Utah. Then John W. Huber, John K Mangum, US

---

[7] *See* Fed. R. Civ. P. 12(b)(1).

[8] *See* 28 U.S.C. § 2671 et seq; 28 U.S.C. § 2680(c).

[9] *See* 28 U.S.C. § 1346(a)(1).

[10] *See* 26 U.S.C. §§ 7422(a), 6511.

[11] *See* 26 U.S.C. §7426(a).

[12] *See Crow v. Wyoming Timber Products, Co.*, 424 F.2d 93, 96 (10th Cir. 1970).

[13] Mtn. p. 7; *see* 28 U.S.C. § 2201..

[14] Docket no. 16.

> Attorneys filed a notice of removal to United States District Court. i am not making a title code claim because there is no remedy or relief in your codes for me on the claim that i am making. Please put it back to the district court in which i filed original jurisdiction in. Or remove it to federal district court of United States common law open court of record with a jury trial. Somebody changed my claim into a complaint. Leave my suit alone and stop trying to modify it. It's damaging my suit. i have a claim in court and only a jury gets to determine the facts of my claim. If you try to dismiss my case because it lacks merit I am going to be all over you with lawsuits.[15]

There is nothing in Plaintiff's response that persuades the court to not adopt Defendant's arguments. Moreover, the undersigned has independently considered Defendant's arguments regarding jurisdiction and finds them to be well taken. Federal courts are courts of limited jurisdiction and the party who seeks to invoke federal jurisdiction bears the burden for establishing it.[16] Plaintiff has failed to meet that burden here. And finally, the court finds no error with the removal of this case to Federal Court. As such, dismissal is appropriate.[17]

## RECOMMENDATION

For the reasons set forth above and in Defendant's motion, the undersigned RECOMMENDS that Defendant's Motion to Dismiss be GRANTED.

Copies of this report and recommendation are being mailed to all parties who are hereby notified of their right to object. Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of Court.[18] Any objection must be filed within this deadline. Failure to object may constitute a waiver of objections upon subsequent review.

---

[15] Order to Show Cause response p. 1, docket no. 17.

[16] *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978); *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

[17] Defendant also seeks to dismiss this matter under Rule 12(b)(6) arguing Plaintiff's Complaint fails to state a claim upon which relief may be granted. The undersigned does not reach those arguments because it finds the court lacks subject matter jurisdiction.

[18] *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72.

DATED this 26 October 2016.

_____
Brooke C. Wells
United States Magistrate Judge